# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, DC  20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number:  +1.202.879.5432
dwhall@jonesday.com

May 22, 2026

VIA ECF

Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

> Re:   *Air Line Pilots Association, International v. JetBlue*
>       *Airways Corporation,* Case No. 1:26-CV-01658 (E.D.N.Y)

Dear Judge DeArcy Hall:

Defendant JetBlue Airways Corporation ("JetBlue") writes pursuant to the Court's Individual Practice III.A.1.a to request a pre-motion conference regarding its anticipated motion to dismiss Plaintiff Air Line Pilots Association, International's ("ALPA") complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because this lawsuit does not present an actual case or controversy, it must be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## BACKGROUND

ALPA is the collective bargaining representative of JetBlue's pilots. ECF No. 1, ¶ 9. On March 19, 2026, ALPA commenced this action to compel arbitration of "the entirety" of a grievance ALPA filed against JetBlue pursuant to the collective bargaining agreement ("CBA") between them. *Id.*, ¶¶ 17, 29, 35. The grievance concerns a series of agreements between JetBlue and United Airlines, Inc. ("United"), referred to collectively as the "Blue Sky" arrangement. Specifically, ALPA contends the Blue Sky arrangement constitutes a "Commercial Agreement," as that term is defined in the CBA, and that JetBlue may not enter into such a Commercial Agreement without ALPA's approval. JetBlue disagrees that the Blue Sky arrangement is a Commercial Agreement or that it otherwise is prohibited by the CBA. *Id.*, ¶¶ 14, 18, 33.

The CBA provides that an arbitral board known as the System Board of Adjustment ("SBA") hears grievances alleging violations of the CBA. *Id.*, ¶ 13. Like all arbitrators, however, the SBA's jurisdiction only extends to categories of disputes the parties agreed to submit to arbitration. *See, e.g., AT & T Technologies, Inc. v. Comm'n Workers of America*, 475 U.S. 643, 648-49 (1986). Unless the parties clearly provide otherwise, whether a CBA creates a duty for the

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Honorable LaShann DeArcy Hall
May 22, 2026
Page 2

parties to arbitrate a particular grievance is a question of substantive (as distinguished from procedural) arbitrability that must be decided by a court. *Id.* at 649.

JetBlue has not refused to arbitrate ALPA's grievance and does not contest the SBA's jurisdiction over the grievance generally. But when it became clear ALPA intended to include challenges to agreements JetBlue believes are excluded from the CBA – *e.g.,* those relating to frequent flyer programs, airport slot leases, and ancillary sales – JetBlue informed ALPA that the SBA lacked jurisdiction to resolve disputes over those types of agreements. JetBlue also informed ALPA that it did not consent to the SBA resolving the question of substantive arbitrability. ECF 1, ¶ 23. Nevertheless, and as it told ALPA, JetBlue remained ready and willing to arbitrate the grievance, subject to its right to raise its arbitrability objection in court following the hearing should that prove necessary (*id.*, ¶ 27), an approach courts have long recognized. *E.g., Lukens Steel Co. v. United Steelworkers of America*, 989 F.2d 668, 679 n. 11 (3d Cir. 1993) ("[T]o preserve an objection to arbitrability, a party need only state his or her objection on the record at the arbitration. The party may then proceed with the arbitration and raise the objection at a later date in an enforcement proceeding."); *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (if "a party clearly and explicitly reserves the right to object to arbitrability, his participation in the arbitration does not preclude him from challenging the arbitrator's authority in court"). That did not satisfy ALPA, which cancelled the scheduled arbitration and filed this action.

## THIS ACTION DOES NOT PRESENT A JUSTICIABLE CASE OR CONTROVERSY

It is axiomatic that "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies,'" and that "at an irreducible minimum" the plaintiff must have suffered an actual or threatened injury to satisfy the "case and controversy" requirement. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 472 (1982). *See also Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies."). These precepts require dismissal of ALPA's complaint.

A claim to compel arbitration does not accrue, and thus the plaintiff does not suffer a redressable injury, unless and until the respondent unequivocally refuses to arbitrate. *See, e.g., LAIF X SPRL v. Axtel, S.A. de C.V.,* 390 F.3d 194, 198 (2d Cir. 2004); *Jacobs v. USA Track & Field,* 374 F.3d 85, 89 (2d Cir. 2004); *Atlas Air, Inc. v. IBT*, 943 F.3d 568, 581 (2d Cir. 2019); *Communication Workers of Am. v. Western Elec. Co., Inc.,* 860 F.2d 1137, 1144 (5th Cir. 1988). That refusal occurs when the respondent itself files suit to stay arbitration or it declines an arbitrator's order to arbitrate. *Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192, 195 (2d Cir. 1984). Absent such refusal, the plaintiff has not been harmed and cannot satisfy

Honorable LaShann DeArcy Hall
May 22, 2026
Page 3

the case or controversy requirement of Article III. *See, e.g., PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1067 (3d Cir. 1995) ("[I]t is doubtful that a petition to compel filed before the 'adverse' party has refused arbitration would present an Article III court with a justiciable case or controversy in the first instance."); *Hartford Accident & Indem. Co. v. Equitas Reinsurance Ltd.*, 200 F. Supp.2d 102, 108 (D. Conn. 2002) ("If the adverse party has not refused to arbitrate, or will agree to arbitrate, there is no reason for court involvement in the first place."); *Int'l Eng'g & Constr. S.A. v. Baker Hughes*, 399 F. Supp.3d 194, 200 (S.D.N.Y. 2019) (same, noting Second Circuit's approval of this doctrine in *dicta* in *Phoenix Aktiengesellschaft v. Ecoplas, Inc.,* 391 F.3d 433 (2d Cir. 2004)).

Here, and as ALPA admits in its complaint, JetBlue undisputedly has not refused to arbitrate. ECF 1, ¶ 27 (admitting JetBlue told ALPA "that JetBlue remains ready and willing to arbitrate whether the Blue Sky collaboration is a 'Commercial Agreement' as the parties have defined that term in the CBA") (cleaned up). Indeed, JetBlue reiterated its willingness to proceed to arbitration even after ALPA filed its complaint – but ALPA chose to cancel the arbitration, based solely on its objection to JetBlue's invocation of its right to challenge the scope of the arbitration post-hearing if necessary. ALPA cannot seek to compel JetBlue to arbitrate under these facts. *See Jacobs*, 374 F.3d at 89 (affirming dismissal for lack of jurisdiction where respondent did not refuse to arbitrate and petitioner sought to avoid having arbitration proceed in manner it disliked); *Dollison v. Antero Resources Corp.*, 2025 WL 2468070, *4 (W.D. Pa. Aug. 27, 2025) (dismissing petition for lack of jurisdiction where respondent did not refuse to arbitrate and petitioner sought to back out of the arbitration it initiated).

Nor can ALPA argue that JetBlue refused to arbitrate by raising an arbitrability objection to the scope of the proceeding. Courts routinely hold that participating in an arbitration while simultaneously objecting to some aspect of the arbitrator's jurisdiction does not constitute a refusal to arbitrate, even if the petitioner claims the outstanding arbitrability question creates uncertainty about the arbitration process and the finality of any decision therefrom. *See, e.g., Jacobs,* 374 F.3d at 89 ("The fact that respondents raised before the AAA an objection to petitioner's Demand for Arbitration … does not constitute a 'refusal to arbitrate' on the part of respondents."); *LAIF X*, 390 F.3d at 199 (party's challenge to arbitrability of certain claims does not constitute a refusal to arbitrate); *Int'l Eng'g*, 399 F. Supp. 3d at 201 (respondent's "objection to the arbitrability of the claims before the arbitrator is not a refusal to arbitrate").

In sum, ALPA cannot seek to have this Court compel JetBlue to arbitrate because JetBlue has not refused to do so, and thus ALPA has not suffered an injury that would satisfy the case or controversy requirement of Article III.

For the foregoing reasons, JetBlue requests a pre-motion conference for leave to file a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

JONES DAY

Honorable LaShann DeArcy Hall
May 22, 2026
Page 4

Respectfully submitted,

*/s/ Douglas W. Hall*

Douglas W. Hall

cc:      All counsel of record (via ECF)