June 1, 2026

VIA ECF

Hon. LaShann DeArcy Hall
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Response to Defendant's Request for Pre-Motion Conference in *Air Line Pilots Ass'n, Int'l v. JetBlue Airways Corp.*, Case No. 1: 26-cv01658-LDH-RML

Dear Judge DeArcy Hall:

Pursuant to Part III.A.5 of the Court's Individual Practices, Plaintiff Air Line Pilots Association, International ("ALPA") respectfully responds to Defendant JetBlue Airways Corporation's ("JetBlue's") letter dated May 22, 2026 ("Letter") [ECF No. 10], requesting a pre-motion conference regarding JetBlue's intent to file a motion to dismiss ALPA's Complaint [ECF No. 1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

ALPA's Complaint seeks to compel JetBlue to arbitrate the entirety of a dispute arising under the parties' collective bargaining agreement ("CBA"), as is required by the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188. In its Letter, JetBlue asserts that there is no justiciable case or controversy because it is not refusing to arbitrate the dispute before the arbitral System Board of Adjustment ("System Board"). JetBlue's current position appears to materially differ from the pre-lawsuit stance that necessitated ALPA's action to compel, wherein JetBlue raised a "threshold issue of arbitral jurisdiction that affects the scope of the hearing itself." Letter from D. Hall to S. Kalfus (Feb. 27, 2026).[1] It had been JetBlue's contention that certain arguments and evidence are not encompassed by the CBA and thus cannot be considered by the System Board. JetBlue now intimates that it will not refuse to proceed to arbitrate the entirety of the dispute, notwithstanding its jurisdictional objections. If JetBlue agrees to proceed in a manner that permits ALPA to present its full case at arbitration, including any and all arguments and evidence related to JetBlue's joint distribution, frequent flyer, slot lease, ancillary sales, or joint marketing arrangements with United Airlines, Inc. ("United"), ALPA will voluntarily dismiss its Complaint without prejudice. Absent such written agreement, ALPA intends to oppose JetBlue's motion and will separately seek a pre-motion conference on a motion for summary judgment.

**BACKGROUND**

ALPA and JetBlue have a live dispute regarding the interpretation and application of Section 1 (the pilot job protection provisions) of their CBA to JetBlue's commercial arrangement

---

[1] JetBlue's February 27, 2026, letter contains confidential information and can be furnished under seal at the Court's request.

with United, known as the "Blue Sky" collaboration. The nature of such CBA "scope" clauses is to address and limit external arrangements between the employing carrier and other airlines to protect the pilot group's flying from being performed by other carriers to the detriment of pilot jobs and careers. ALPA contends that the Blue Sky collaboration violates the CBA by, among other things, permitting United to perform JetBlue pilot work. JetBlue disagrees, contending that, despite Blue Sky being a single integrated relationship, some parts of the Blue Sky collaboration— specifically its joint distribution, frequent flyer, airport slot lease, ancillary sales, and joint marketing arrangements—are beyond the jurisdiction of the arbitral System Board to even consider in resolving ALPA's contract claim. This is legally baseless for two reasons. First, JetBlue may not select the evidence and arguments ALPA presents to the System Board in support of its contract claims, particularly under the extremely broad arbitration provisions in the CBA and similarly broad policies requiring arbitration under the RLA. Purporting to predefine and restrict ALPA's case and claims before the System Board is, in effect, refusing to arbitrate. Second, while the CBA contains narrow exceptions to the scope clause, whether they apply to Blue Sky is itself an issue of contract interpretation subject to arbitration. ALPA's Complaint seeks an order compelling JetBlue to arbitrate the entirety of the parties' contract dispute as the RLA and CBA require.

## JETBLUE'S REFUSAL TO ARBITRATE AND SUBSEQUENT CHANGE IN POSITION

The RLA mandates arbitration of contract claims. Section 204 of the RLA requires that unresolved "disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions" (known as minor disputes) are subject to "compulsory and binding arbitration" before the appropriate board of adjustment. 45 U.S.C. § 184; *Elgin, Joliet & E. Ry. v. Burley*, 325 U.S. 711, 722-23 (1945); *Consolidated Rail Corp. v. Ry. Labor Exec.'s Ass'n*, 491 U.S. 299, 303 (1989) ("*Conrail*"); *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 323-24 (1972); *Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R.*, 373 U.S. 33 (1963). Where a contractual claim is "neither obviously insubstantial or frivolous," it raises a minor dispute that *must* be resolved in arbitration. *Conrail*, 491 U.S. at 310.

Consistent with the RLA, the ALPA-JetBlue CBA Section 21 establishes the System Board. CBA Section 21.B provides that the Board "shall have jurisdiction over disputes between any Pilot or group of Pilots and the Company growing out of grievances or out of interpretation or application of any of the terms of this Agreement." CBA Section 1.I further provides that "[a]ny and all disputes concerning alleged violation of Section 1 not resolved by conference shall be resolved by final and binding arbitration" before the System Board on an expedited basis.

Following JetBlue's entry into Blue Sky, ALPA filed a grievance (the "Grievance") alleging substantial and nonfrivolous contract claims that include, but are not limited to: (1) flying by United under Blue Sky constitutes "flying by or on behalf of [JetBlue]" in violation of CBA Section 1.B.1; (2) Blue Sky is a "Commercial Agreement" under CBA Section 1.F; (3) Blue Sky is not an "Industry Standard Interline Agreement" excepted from CBA Section 1.F; and (4) JetBlue violated CBA Section 1.F by entering into Blue Sky while failing to meet contractually-required airline

growth metrics and other conditions. The System Board has jurisdiction over the entirety of this minor dispute.

This dispute clearly arises under the CBA and cannot be fully and fairly resolved without consideration of all relevant facts related to Blue Sky. Nevertheless, more than six months after the Grievance was filed, JetBlue asserted for the first time that the System Board lacks jurisdiction to resolve disputes regarding JetBlue's joint distribution, frequent flyer program participation, slot sales or leases, ancillary sales, and joint marketing arrangements, and cannot decide their substantive arbitrability. JetBlue also refused to produce certain documents responsive to ALPA's contractual discovery requests based in part on those jurisdictional objections. ALPA thus understood JetBlue's position to be that ALPA could not present evidence or arguments relating to those topics to the System Board, the System Board could not consider them, and JetBlue would not participate in the arbitral process to the extent it implicated them. ALPA further reasonably understood from JetBlue's conduct and communications that JetBlue would not comply with any interim System Board discovery or evidentiary orders concerning the production or introduction of documents relating to arrangements that JetBlue asserts are outside of the System Board's jurisdiction, further prejudicing ALPA's ability to fully and fairly present its case through the agreed arbitral mechanism.

In an apparent departure from this pre-lawsuit position, JetBlue now asserts that it seeks only to preserve its right to raise an arbitrability challenge in court following a System Board hearing and will participate in the arbitration of ALPA's grievance in its entirety. Although JetBlue does not say so explicitly, its Letter suggests that, while JetBlue wishes to preserve its objection to the System Board's jurisdiction, it will neither act to prevent ALPA from presenting at arbitration arguments and evidence related to Blue Sky's joint distribution, frequent flyer, slot lease, ancillary sales, or joint marketing arrangements, nor refuse to abide by arbitral discovery and evidentiary orders related thereto. If JetBlue will commit to proceed to a hearing and permit such issues, arguments, and evidence to be presented to the System Board without limitation (subject to JetBlue preserving its jurisdictional objection), ALPA is willing to voluntarily withdraw its Complaint without prejudice. Absent such a commitment, ALPA intends to oppose JetBlue's motion and will separately seek a pre-motion conference on a motion for summary judgment.

Respectfully submitted,

*/s/ Thomas N. Ciantra*
Thomas N. Ciantra

cc:     All counsel of record (via ECF)